IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES C. FULLER #1370821 | § | |
| v. | § | CIVIL ACTION NO. 9:08cv202 |
| B. MOYA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James Fuller, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Fuller complained about the loss of his eyeglasses, apparently through the actions of prison officials. After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that the Supreme Court has held that a random and unauthorized deprivation of a property or liberty interest by prison officials does not violate due process where the State furnishes an adequate post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on grounds not relevant here); Hudson v. Palmer, 468 U.S. 517 (1984) Because the allegations show that the deprivation complained of in this case was random and unauthorized, and an adequate state post-deprivation remedy, the Magistrate Judge concluded that the appropriate form for Fuller's claim lies in state court or the administrative processes of TDCJ, rather than federal court. The Magistrate Judge therefore recommended that Fuller's lawsuit be dismissed with prejudice as to its refiling in federal court, but without prejudice as to any claims which Fuller may raise in state court or the administrative processes of TDCJ.

1

Fuller filed objections to the Magistrate Judge's Report on November 6 and November 10, 2008. In his first set of objections, Fuller says that it is "ridiculous" to say that his lawsuit is frivolous and that he "knows right from wrong." He reiterates the facts of his case and says that he filed grievances, but was told that there were no reimbursement forms for lost property and that he was told that the only way to get compensation was to file in federal court. He says that he was deprived of property by the "careless and unprofessional conduct" of Officer Moya and should be entitled to compensation.

In his second set of objections, Fuller cites two cases which he says shows that he is entitled to compensation. These cases are Sawyer v. TDCJ, 983 S.W.2d 310, 311 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) and Gordon v. Scott, 6 S.W.3d 365 (Tex.App.-Beaumont 1999, pet. denied). He complains that the Court did not look at the documents which he presented or hold a hearing, says that TDCJ is responsible for the loss of his property, and asks that the Magistrate Judge's recommendation be reconsidered.

As the Magistrate Judge said, an adequate state post-deprivation remedy exists, and so Fuller's claim cannot be sustained in federal court. Both of the cases cited by Fuller are state court cases, which is the proper forum for his claim. No legal basis exists for proceeding on Fuller's claim in federal court, based on the Supreme Court cases which the Magistrate Judge cited, and so the Magistrate Judge did not err in determining that the case is frivolous, insofar as Fuller seeks to proceed in federal court; however, the Magistrate Judge properly recommended that the claims be dismissed without prejudice as to Fuller's right to proceed in state court or through the administrative processes of TDCJ, which are the proper forums in which to hear claims such as these. Fuller's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo*

review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice as to its refiling in federal court, but without prejudice as to any claims in state court or the administrative processes of TDCJ which Fuller may wish to pursue. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the **11** day of **December, 2008.**

_____
Thad Heartfield
United States District Judge